# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HOWARD E. LEVENTHAL, <br><br> Defendant. | Case No. 24-CR-157-JPS <br><br><br> **ORDER** |

On August 14, 2024, the Court received a "Verified Petition for Removal of a State Court Criminal Case to Federal Court Under 28 U.S.C. [§] 1442(a)(1)" from Howard E. Leventhal ("Leventhal"), asking the Court to remove a state criminal case (Ozaukee County Case No. 2024CF000261, hereinafter the "State Case") from Ozaukee County Circuit Court to federal court. ECF Nos. 1, 1-1.[1] Leventhal did not attach a copy of the state criminal complaint, but the portions of the State Case Docket that he does attach reflect that the State of Wisconsin has charged him with stalking by an individual with a previous conviction within seven years in violation of Wis. Stat. § 940.32(2m)(b) and stalking with a habitual criminality modifier in violation of Wis. Stat. §§ 940.32(2) and 939.62(1)(b). ECF No. 1-1 at 1. The Court's review of the public record of the State Case Docket confirms this.

To begin, Leventhal has not complied with the procedural requirements for removal. Section 1455 of Title 28 of the United States Code

---

[1]*See also State v. Leventhal*, No. 2024CF000261 (Ozaukee Cnty. Circuit Ct. June 21, 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000261&countyNo=45 &index=0&mode=details (last visited Aug. 19, 2024) ("State Case Docket").

outlines the steps that a defendant in a state court criminal case must take for a federal court to consider whether to remove the case:

> (a) Notice of Removal.–A defendant . . . desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such actions.
>
> (b) Requirements.–(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . .
>
> > . . . .
>
> > (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Leventhal's notice of removal is timely, as it does not appear that he has been arraigned yet in the State Case, though he is in custody. State Case Docket. However, as earlier noted, Leventhal attaches only portions of the State Case Docket to his notice of removal; § 1455(a) requires the defendant to attach "a copy of all process, pleadings, and orders served upon such defendant . . . in such action." Leventhal's failure to do so is enough to require the Court to summarily remand the case to state court. *See Wisconsin v. Chapman*, No. 20-CV-654-WMC, 2020 WL 6043900, at *1 (W.D. Wis. Oct. 13, 2020) (citing 28 U.S.C. § 1455(a)).

In addition to the procedural defects, Leventhal has also failed to meet the substantive requirements for removal both under his asserted

statutory basis for removal, § 1442(a)(1), and under any other potentially applicable statute. Section 1442(a)(1) provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The Court understands Leventhal to make the following arguments supporting removal under § 1442(a)(1). Leventhal asserts that he is a contractor with the "U.S. Air Force Research Lab." ECF No. 1 at 2. He contends that his ex-wife has used campaign contributions to state employees to "shield her from financial liability for violating every item . . . in [their] marital settlement agreement." *Id.* at 3. As a result, "an unbelievable and endless cascade of civil rights denial[s]" has taken place, which have now reached Leventhal "to the detriment of [his] contractor – the U.S. Department of Defense." *Id.* Leventhal previously sued a group of state employees related to his assertions that his ex-wife was bribing them, which he believes led to the State falsifying evidence, having him arrested, bringing prior charges against him, and ultimately bringing the instant charges against him in the State Case. ECF No. 2 at 3, 5, 8–9. He also asserts that state officials have destroyed his Department of Defense property and have stolen property that he developed with the U.S. Air Force Research

Lab. ECF No. 1 at 2, 4; ECF No. 2 at 5, 6–7. In connection with the State Case, he raises alleged Fifth Amendment Double Jeopardy violations and Fourth Amendment violations relating to a falsified search warrant. ECF No. 1 at 2.

As clear from the text of the statute, § 1442(a)(1) specifically "provides for removal of cases involving a federal officer's acts 'under color of office.'" *People v. Zidek*, 691 F. Supp. 1177, 1178 (N.D. Ill. 1988) (quoting § 1442(a)(1)); *see also Illinois v. Babe*, No. 3:20-CV-50097, 2021 WL 8202676, at *2 (N.D. Ill. Aug. 31, 2021) ("Federal officer removal is appropriate when the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, and (4) has a colorable federal defense.") (quoting *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020)).

Leventhal may indeed be a contractor with the U.S. Air Force Research Lab or the Department of Defense, but "he has failed to establish a nexus between [his federal work] and his alleged criminal acts" in the State Case. *Zidek*, 691 F. Supp. at 1178. Nor can he. Leventhal "cannot possibly demonstrate," even taking his allegations about state actors' conduct as true, that any of his allegations surrounding his ex-wife and marital settlement agreement have anything to do with his federal duties or that he was acting under federal authority under these circumstances. *Id.* (citing *Morgan v. California*, 743 F.2d 728, 733 (9th Cir. 1984) and *Georgia v. Walker*, 660 F. Supp. 952, 954 (M.D. Ga. 1987)).[2] His bald assertion that the

---

[2]This precludes removal under another statute, § 1443(2), as well, because that statute allows for removal for, inter alia, federal officials who "refus[e] to do any act on the ground that it would be inconsistent with [any law providing for the equal rights of citizens in the United States]." The fact that the State Case has nothing to do with Leventhal's purported federal contract work notwithstanding,

charges in the State Case have operated to the detriment of his purported federal contract is insufficient. *Id.* Nor are his claimed civil rights violations a "colorable federal defense," as such a defense must "aris[e] out of [the defendant's] duty to enforce federal law." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (quoting *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)).

While a different statute, 42 U.S.C. § 1443(1), "provides for the removal from state court of any criminal prosecution '[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States,'" "[t]he Supreme Court has interpreted that statute 'to apply only if the right alleged arises under a federal law providing for civil rights based on race.'" *Chapman*, 2020 WL 6043900, at *1 (quoting § 1443(1) and *Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) and citing *George v. Rachel*, 384 U.S. 780, 791–92 (1966)). "[G]enerally applicable constitutional guarantees do not support § 1443 removal." *Indiana v. Bennett*, No. 1:20-cr-00111-JPH-DML, 2020 WL 3071685, at *2 (S.D. Ind. June 9, 2020) (citing *State v. Rachel*, 384 U.S. 780, 692 (1966)); *Wisconsin v. McCarthy*, No. 22-CR-125, 2022 WL 2289632, at *1 (E.D. Wis. June 13, 2022) (same as to the Fourth Amendment); *Illinois v. Esang*, No. 11 C 1354, 2011 WL 829385, at *2 (N.D. Ill. Mar. 3, 2011) (same as to alleged Fifth Amendment Double Jeopardy violations).

---

this statute further allows for removal only for federal agents performing their duties, or refusing to perform their duties, "related to a violation of a civil right involving race." *Wisconsin v. Walker*, No. 10-C-335, 2010 WL 1805380, at *2 (E.D. Wis. May 5, 2010); *see also infra* discussion of § 1443(1).

Page 5 of 8
Case 2:24-cr-00157-JPS     Filed 08/19/24     Page 5 of 8     Document 4

To the extent that Leventhal seeks "leave of the [C]ourt to amend [his] petition in this matter into a complaint. . . . under 42 U.S.C. [§§] 1981, 1983 and 1985 and also under the RICO Act, 18 U.S.C. [§§] 1961–1986" or to use this action to obtain a "writ of habeas corpus," this purported removal is not the correct mechanism to do so. ECF No. 1 at 4, 6. Leventhal would need to file a new civil action to pursue either of these avenues.

The Court notes the following with respect to habeas corpus. Individuals wishing to challenge *completed* state criminal proceedings may challenge their incarceration under 28 U.S.C. § 2254. *See generally, e.g.*, *Trepania v. Manning*, 21-cv-39-jdp, 2021 WL 1946397 (W.D. Wis. Apr. 27, 2021). Meanwhile, individuals who are held in state custody for any reason other than a conviction—for example, pretrial or pre-adjudication confinement—may challenge their incarceration under 28 U.S.C. § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting that a habeas petition may be brought pursuant to § 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

However, whether under § 2241 or § 2254, the movant must exhaust his state court remedies—in other words, present his constitutional arguments at every level of the state court system. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (prohibiting district courts from addressing claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them") (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (same as to § 2241 petitions) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971)). The State Case Docket shows that Leventhal may be working towards exhaustion of his claims with the

Wisconsin Court of Appeals and the Wisconsin Supreme Court, but that process is not yet complete.

The Court also notes the following as Leventhal considers whether to file a § 1983 action. Leventhal has a litigious past of abusing the federal court system, and his instant purported removal of the State Case appears to be yet another example of his attempts to continue that abuse. As one court has observed,

> Howard Leventhal uses the federal courts to make war on people who sue him or his ex-wife . . . in the state courts. Sometimes, he does this as retaliation. Sometimes, he does it to buy time. Sometimes, he does it to exert pressure. Whatever the motive, Leventhal's tactic is to "make a federal case" out of everything, turning mundane state court matters into federal litigation, something he believes (wrongly, most of the time) will intimidate his opponents and make them back off.

*In re Meltzer*, 535 B.R. 803, 807 (Bankr. N.D. Ill. 2015); *see also Leventhal v. Paes*, No. 17 CIV. 2496 (BMC), 2017 WL 1957003, at *2 (E.D.N.Y. May 10, 2017) ("Not only is [Leventhal's] complaint frivolous on its face, but it is also a transparent attempt to harass a wide variety of people, including individuals who have had to defend against Leventhal's abuse of the legal process in the past, including his ex-wife."). Leventhal is clearly known in federal courts across the country; indeed, he is listed on PACER as a litigant in over 40 federal cases in at least eight different federal courts. He has filed two frivolous lawsuits so far in this District. *See Leventhal v. Boline et al.*, No. 18-CV-181-LA, ECF No. 17 (E.D. Wis. May 2, 2018) (imposing a "strike" under 28 U.S.C. § 1915(g)); *Leventhal v. RPOC et al.*, No. 21-CV-545-SCD, ECF No. 19 (E.D. Wis. June 23, 2021). While Leventhal's conduct has not yet reached the point of sanctions in this District, his attempt to remove the State Case shows that his pattern of "us[ing] the federal courts" to wage

personal battles has continued. *Meltzer*, 535 B.R. at 807. Leventhal is hereby warned that if he files another frivolous civil lawsuit that ends up before this Court, he may face sanctions in the form of a filing bar or monetary sanctions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *see also Stone v. Roseboom*, 803 F. App'x 947 (7th Cir. 2020).

In sum, Leventhal did not attach all pleadings as required by § 1455(a) and has not provided any grounds under which removal of the State Case would be proper.

Accordingly,

**IT IS ORDERED** that the case is **SUMMARILY REMANDED** back to the Ozaukee County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case back to the Ozaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 8 of 8
Case 2:24-cr-00157-JPS   Filed 08/19/24   Page 8 of 8   Document 4